**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK KOERNER, | ) |
|       **Plaintiff,** | ) |
| | ) |
| | )   **2:11-cv-492** |
|      v | ) |
| RAYME HANKINS | ) |
| | ) |
| | ) |
|       **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending now before the Court is PLAINTIFF'S MOTION TO AMEND ORDER

PURSUANT TO F.R.A.P. 5(a)(3) (Document No. 41).  Defendant Rayme Hankins has joined

the motion (Document No. 43).  Former Defendants Eagle Pipeline Construction, Inc., Elkhorn

Construction, Inc. and Elkhorn Construction, Inc. t/d/b/a/ Elkhorn Plant Construction, Inc.

(collectively "Eagle/Elkhorn") filed a response in opposition (Document No. 45).[1]  Plaintiff filed

a surreply (Document No. 46) and the motion is ripe for disposition.


Procedural Background

This case arose out of an automobile accident caused by a welding rig truck driven by

Defendant Rayme Hankins.  The parties bifurcated discovery, with Phase 1 limited to whether

Hankins was within the scope of his employment at the time of the accident, such that Plaintiff

Mark Koerner could recover damages from Hankins' employer, Eagle/Elkhorn.  On January 30,

2012 the Court issued a Memorandum Opinion and Order which resolved the parties' cross-

motions for partial summary judgment on the "scope of employment" issue.  The Court

concluded that Hankins was not within the scope of his employment at the time of the accident;

---

[1] Because Plaintiff seeks to bring Eagle/Elkhorn back into the case through an interlocutory appeal, the Court invited
Eagle/Elkhorn to respond, while taking the question of whether to re-activate them as parties under advisement.

dismissed the Eagle/Elkhorn Defendants from the case; amended the caption; and ordered the

remaining parties (Koerner and Hankins) to proceed with the case. Koerner and Hankins now

request that the Court certify its January 30th decision for interlocutory appeal.


Legal Analysis

Appeals prior to final judgment are disfavored, but 28 U.S.C. § 1292(b) provides an

avenue for interlocutory relief:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.

In *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010), the Court noted that § 1292(b) is

jurisdictional and represents a "narrow exception to the final judgment rule."

A "controlling question of law" is somewhat broadly defined to encompass not only

"every order which, if erroneous, would be reversible error on final appeal," but also those orders

which are 'serious to the conduct of the litigation, either practically or legally.'" *Litgo New*

*Jersey, Inc. v. Martin*, 2011 WL 1134676 at *3 (D.N.J. 2011) (citing *Katz v. Carte Blanche*

*Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Courts are to evaluate this prong practically rather

than mechanically and to consider its time and litigants' expenses.

A "substantial ground for difference of opinion" must arise out of doubt as to the correct

legal standard, such as conflicting precedent, the absence of controlling law, or complex

statutory interpretation. *Id. (citing In re Dwek*, 2011 WL 487582 at *4 (D.N.J. 2011). A party's

strong disagreement with the Court's ruling does not constitute a "substantial ground for

difference of opinion." *Couch*, 611 F.3d at 633. Nor does a dispute over the application of settled law to a particular set of facts. *Id*. (citations omitted).

Finally, a § 1292(b) certification "materially advances the ultimate termination of the litigation" where the interlocutory appeal eliminates: "(1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Litgo*, 2011 WL 1134676 at *3 (citations omitted).

The party pursuing interlocutory appeal bears the burden to demonstrate that all three of the certification factors have been met. *Morgan v. Ford Motor Co.*, 2007 WL 269806 at *2 (D.N.J. Jan.25, 2007) (*citing Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996)). Even if the criteria are satisfied, the decision to grant certification remains wholly within the discretion of the district court. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). Eagle/Elkhorn contends that none of the § 1292(b) requirements have been met.

The Court concludes that § 1292(b) certification is not warranted under the facts and circumstances of this case. The essence of the dispute between Eagle/Elkhorn, Koerner and Hankins is not "legal" at all. The parties agree that Pennsylvania agency law applies, as set forth in the Restatement (Second) of Agency. Assuming, arguendo, that a "controlling issue of law" exists, there is no "substantial ground for difference of opinion." Rather, the "scope of employment" issue involves application of the evidentiary record to the settled law. *See Couch*, 611 F.3d at 633. Moreover, after fully considering the applicable principles of agency law and the terms of Hankins' employment, the Court is convinced that the "scope of employment" issue was not a particularly close call.

The Court recognizes and appreciates the practical impediments that would be associated with requiring Plaintiff to obtain a final judgment against Hankins before pursuing its appeal

against Eagle/Elkhorn.  The Court also acknowledges the potential concerns which may arise in

the future if Hankins proceeds pro se.  But at this juncture, Hankins remains represented by able

counsel.  The potentiality of a separate declaratory judgment action with Hankins' insurer is also

speculative.   In sum, Movants have failed to satisfy all of the requirements for § 1292(b)

certification.  In the alternative, assuming arguendo that the elements have been met, the Court

declines to exercise its discretion to certify an interlocutory appeal.

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                           |   |              |
|---------------------------|---|--------------|
| **MARK KOERNER,**         | ) |              |
|     **Plaintiff,** | ) | |
|                           | ) |              |
| **v**                     | ) | **2:11-cv-492** |
|                           | ) |              |
| **RAYME HANKINS**         | ) |              |
|                           | ) |              |
|     **Defendant.** | ) | |
|                           | ) |              |

## ORDER OF COURT

AND NOW, this 13th day of February 2012, for the reasons set forth in the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that

PLAINTIFF'S MOTION TO AMEND ORDER PURSUANT TO F.R.A.P. 5(a)(3) (Document

No. 41) is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Erin K. Rudert, Esquire**
Email: erudert@edgarsnyder.com
**Todd Berkey, Esquire**
Email: tberkey@edgarsnyder.com

**Daniel R. Bentz, Esquire**
Email: dbentz@mooclaw.com

**Gerard J. Cipriani, Esquire**
Email: gcipriani@c-wlaw.com
**Rosemary A. Marchesani, Esquire**
Email: rmarchesani@c-wlaw.com